## TUCKER *v.* JACKSON & a.

The foreclosure of a prior mortgage by proceedings fraudulently concealed from a subsequent mortgagee, and a sale of the premises after foreclosure, will be annulled, and the subsequent mortgagee let in to redeem from the first mortgage, by a proceeding in equity for that purpose.

BILL IN EQUITY, for the annulment of foreclosure proceedings and of the sale of land, and for a conveyance of the land to the plaintiff. Demurrer. The opinion states the facts.

*Sanborn & Clark*, for the plaintiff.

*Copeland* and *Quarles*, for the defendants, and *Nash*, for defendant Chase.

ALLEN, J. The bill sets forth a mortgage to the plaintiff, and a prior mortgage to Chase, both from Udoxy Jackson, and no discharge or payment of the prior mortgage except by foreclosure proceedings fraudulently concealed from the plaintiff. A fraudulent sale of the premises by Chase to Jesse Jackson, the mortgagor's son, and a mortgage by him to Chase subsequent to the foreclosure, and all in the interest and for the benefit of Udoxy, the original mortgagor, who has continued in possession, are also alleged; and a conveyance to the plaintiff with general relief is sought. Chase, with Jesse and Jonathan Jackson, Udoxy's husband, who joined with her in the mortgages, are defendants with Udoxy in the bill.

If the parties to the sale and remortgage of the land to Chase defrauded the plaintiff by an attempt to destroy her security, her remedy would be to obtain the annulment of the deed from Chase to Jesse, and of the mortgage from Jesse to Chase, or by a decree postponing the Chase mortgage to that of the plaintiff. This would leave the foreclosure proceedings on the original Chase mortgage undisturbed, and Chase's title obtained by that mortgage would still be good. If the foreclosure proceedings were, by concealment from the plaintiff, in fraud of her rights, her security could be restored by an annulment of the foreclosure. Not being a party to the foreclosure, and having no notice of it, and being in no fault for not sooner redeeming from the first mortgage, she could open the foreclosure for redemption, and, by paying the prior Chase mortgage, enjoy whatever rights Chase then had under it. If it should be made to appear that the conveyance by Chase to Jesse Jackson was for the benefit of Udoxy, the original mortgagor, and was in fact a conveyance to her by Chase, the mortgagee, then, it being her duty to pay the mortgage, it could not be upheld

against the plaintiff, and she might enter to foreclose. The plaintiff is not entitled to an absolute conveyance on the facts stated in the bill, but the allegations of the bill containing ground for equitable relief, it can be made good against demurrer by some simple amendments containing an offer to redeem the original Chase mortgage if anything be due upon it, and prayers for decrees of redemption, foreclosure of her own mortgage, and annulment of fraudulent conveyances.

*Case discharged.*

FOSTER, J., did not sit: the others concurred.